IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**CITY OF OZARK, ARKANSAS,**
**a municipal corporation**                                                                    **PLAINTIFF**

**V.**                                       **Case No. 2:14-CV-02196**

**UNION PACIFIC RAILROAD COMPANY**                                                **DEFENDANT**

## ORDER

Now pending before the Court are Plaintiff City of Ozark, Arkansas' ("the City") Motion for Damages and Recovery of Expenses (Doc. 72) and Brief in Support (Doc. 73), and Defendant Union Pacific Railroad Company's ("Union Pacific") Response in Opposition (Doc. 75). The Court previously issued a Memorandum Opinion and Order on December 10, 2015 (Doc. 71), granting the City's Motion for Partial Summary Judgment on Counts I, II, and III of the Amended Complaint. In the last paragraph of the Order, the Court noted that it was "unsure whether the case may be dismissed at this point, or whether other claims for relief remain for disposition," as it was unclear from the pleadings what other damages had been suffered by the City, apart from the costs associated with opening the railroad crossing at issue in the lawsuit. *Id.* at p. 24. Accordingly, the Court ordered the City to either file a brief explaining and substantiating any and all claims for relief that were still outstanding, or file a document averring that no other claims remained and the case could be dismissed. The City has chosen to file a motion in support of a claim for further damages, and that is now ripe for adjudication.

In analyzing the City's Motion for Damages, it appears the following are claimed: (1) $500,000.00 due to a "lost investment" promised to the City by Ozark resident Steve

-1-

Outlaw of Outlaw Enterprises for the construction of a 40-boat-slip marina on the South bank of the Arkansas River; (2) $17,000.00 for "additional services" paid to Terry Burruss, an architect who provided the City, at its request, with plans for the installation of an overhead crossing at the site of the closed crossing, and also plans for a new at-grade crossing at a different location; (3) $5,179.25 paid by the City to Mickle Wagner Coleman Engineers-Surveyors to develop a legal description for the right-of-way across Union Pacific's tracks; (4) $17,624.16 in costs paid by the City to its consulting experts, GBS Railroad Consulting Services, LLC and George Soliz; (5) $1,349.76 to obtain a copy of the deposition of George Soliz, which was used by the City in defending against Union Pacific's Motion for Summary Judgment; (6) $4,961.32 in costs for copies of all other depositions used in defending against Union Pacific's Motion for Summary Judgment; (7) $2,293.80 in costs paid to the City's expert, William "Bill" Ruck of Garver Engineers, to prepare for and attend a deposition; (8) $600.00 in costs paid to architect Terry Burruss to prepare for and attend a deposition; (9) $75.00 in costs for copies; (10) $144.90 in costs for copies of hearing transcripts; and (11) $28,350.00 in attorney fees.

Beginning with Claim 1, this is denied as speculative. The City has failed to establish that, but-for Union Pacific's actions, the boat slip in question would have actually been built using the $500,000.00 "investment" offered by a City resident.

Claim 2, concerning costs for work done by architect Terry Burruss, is denied, as the Court is without sufficient evidence to conclude that, due to some act or omission committed by Union Pacific, it was reasonably necessary for the City to pay Mr. Burruss to prepare plans for an overhead crossing and a new at-grade crossing. For these same reasons, Claim 3, concerning fees paid to Mickle Wagner Coleman Engineers-Surveyors

to develop a legal description for the right-of-way across the railroad tracks, is also denied.

As for Claim 11, which is a demand for attorney fees, the City has failed to cite to any authority that would allow for an award of fees in this case. *See Christianburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412 (1978) ("It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees."). Accordingly, Claim 11 is denied.

The remaining Claims 4-10 are items that ordinarily would appear in a request for an award of costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Costs may be granted or denied to the prevailing party in a lawsuit according to the sound discretion of the Court. *See Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006).

Section 1920 provides that the following costs may be taxed:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

After analyzing the evidence presented by the City, the Court denies Claim 4, with the exception of $40.00, the rate of payment authorized by 18 U.S.C. § 1821(b), for expert witness George Soliz's single day of attendance at a deposition.[1]

---

[1] The invoice submitted by Soliz to the City does not indicate that he billed for travel expenses incurred to attend the deposition, including mileage or hotel expenses. *See* Doc. 72, p. 42.

Claim 5, the cost for obtaining a copy of Soliz's deposition, is granted. This deposition was used by the City in prosecuting its Motion for Partial Summary Judgment and defending against Union Pacific's Motion for Summary Judgment—the outcomes of which were dispositive of this case. The fact that the Court ultimately did not rely on this deposition in finding in favor of the City is of no moment, as the deposition was necessarily obtained for use by the City in this case. An award of $1,349.76 is granted on Claim 5.

Claim 6, the cost for obtaining copies of the other depositions that were used in prosecuting the City's Motion for Partial Summary Judgment and defending against Union Pacific's Motion for Summary Judgment, is granted in part and denied in part. Only the costs of the depositions of witnesses relied upon by the City in the summary judgment briefing will be compensated. Accordingly, the depositions of Mary Gilmer ($28.60), Paul Reeves ($15.60), Marshall Chrisman ($33.80), Evelyn Whitson ($14.30), and Michael Helmert ($58.40) are excluded from the total. The total awarded on Claim 6 is therefore $4,810.62.

The Court denies Claim 7, with the exception of $40.00 for expert witness William "Bill" Ruck's single day of attendance at a deposition.[2]

The Court also denies Claim 8, with the exception of $40.00 for expert witness Terry Burruss's single day of attendance at a deposition.[3]

---

[2] The invoice submitted by Ruck to the City does not indicate that he billed for travel expenses incurred to attend the deposition, including mileage or hotel expenses. See Doc. 72, p. 71.

[3] The invoice submitted by Burruss to the City does not indicate that he billed for travel expenses incurred to attend the deposition, including mileage or hotel expenses. See Doc. 72, p. 73.

Claim 9, for $75.00 in copying costs, is reasonable and is granted.

Finally, Claim 10, the request for costs incurred for copies of transcripts of hearings that took place in this case, is granted in part and denied in part. The Court conducted two hearings: a case management hearing on December 11, 2014, and a summary judgment hearing on August 28, 2015. The Court finds that it was not necessary, for purposes of "use in the case," as set forth in Section 1920, for the City to obtain a copy of the summary judgment hearing transcript. The case was decided on the merits after the summary judgment hearing, and the City was not required to provide further briefing from the date of the hearing until the date of the Court's order on summary judgment. Accordingly, only $42.30 is awarded to the City on Claim 10.

To summarize, the total costs taxable to Union Pacific and awarded to the City are $6,397.68.

**IT IS SO ORDERED** on this 11th day of January, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE